DECISION AND JUDGMENT ENTRY
{¶ 1} Raymon L. Durand appeals his sentence for aggravated burglary, theft, and possession of criminal tools to the extent that it requires him to pay court costs despite the fact that the record reflects he is indigent. Because R.C. 2949.14 provides for the assessment of costs only against nonindigent persons, and because the trial court's only finding regarding Durand's financial status concludes that he is indigent, we agree. Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
 I. {¶ 2} On February 5, 2003, Durand appeared before the trial court and pled guilty to single counts of aggravated burglary, theft, and possession of criminal tools. On April 11, 2003, the trial court issued its entry of sentence, sentencing Durand to ten years for aggravated burglary, twelve months for theft, and twelve months for possession of criminal tools. The trial court ordered Durand to serve these sentences concurrently. Additionally, the trial court ordered Durand to pay court costs, despite the fact that the record contained Durand's affidavit of indigency. Durand timely appealed raising the following assignment of error: "The trial court erred by imposing costs."
 {¶ 3} In his brief, Durand claims that pursuant to R.C. 2949.14, and our holding in State v. Clark, Pickaway App. No. 02CA12, 2002-Ohio-6684, the trial court erred in imposing costs because he is indigent. The record reflects that Durand filed a financial disclosure and affidavit of indigency on December 20, 2002. In that affidavit, Durand acknowledged a duty to inform his attorney if his financial situation changed before the disposition of his case. The record contains no evidence that Durand notified his counsel or the court of any change in his financial status before the disposition of his case. The State agrees with Durand's assignment of error and his analysis of the relevant statute and case law.
 {¶ 4} In Clark, we noted that R.C. 2949.14 provides that "upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify * * * a complete itemized bill of the costs made in such prosecution * * *." Clark at ¶ 18. (Emphasis added.) Further, we found that "The use of the term `nonindigent' implies that indigent defendants cannot be assessed court costs in felony cases."Id., quoting State v. Heil (Mar. 30, 2001), Geauga App. No. 2000-G-2268, vacated for lack of a final appealable order, 95 Ohio St.3d 531,2002-Ohio-2841. We also found that R.C. 2949.19, delineating the procedure by which the clerk of common pleas may be reimbursed for costs associated with the conviction of an indigent person, supported this interpretation. Id. Accordingly, we held that the trial court may not assess court costs against indigent defendants. Id. at ¶ 22.
 {¶ 5} The Heil court noted, "a trial court always has the discretion to evaluate a defendant's affidavit of indigency and determine whether the defendant is truly indigent." However, in Clark we found that "[c]osts should not be assessed against a defendant previously determined to be indigent unless the court determines that the defendant's financial status has changed." Clark at ¶ 21.
 {¶ 6} Because we find that there have been no intervening changes in the relevant law since our ruling in Clark, and the record reflects that the trial court made no finding that Durand's financial status had changed since he filed his affidavit of indigency, we sustain Durand's sole assignment of error. Accordingly, we reverse the decision of the trial court and remand this cause for further proceedings consistent with this decision.
Judgment Reversed and Cause Remanded.
Evans, P.J., concurs in Judgment Only.
Abele, J., concurs in Judgment and Opinion.